RECEIVED
IN LAKE CHARLES, LA

MAR 24 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ALTON FERGUSON | : | DOCKET NO. 2:10 CV 00316 |
| VS. | : | JUDGE MINALDI |
| DYNAMIC INDUSTRIES, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment filed by the defendant, Dynamic Industries, Inc. ("Dynamic"). The *pro se* plaintiff has filed no timely opposition.[1] Dynamic filed a Supplemental Brief (Rec. Doc.24) to which the plaintiff filed no response. This Motion for Summary Judgment is therefore unopposed.

This trial is scheduled for April 11, 2011.

Facts[2]

---

[1] Plaintiff's counsel of record filed a Motion to Withdraw which was granted by Magistrate Judge Kay on January 12, 2011 (Rec. Doc. 12). It was explained to the plaintiff during a conference on that date that, upon the court's granting of the motion and until he has retained new counsel, if that is in fact his plan, then it is his responsibility to comply with all rules and regulations pertaining to litigation in this court.

[2] The facts are deemed admitted by the plaintiff. Under Federal Rule of Civil Procedure 36(a), requests for admissions are deemed admitted if not answered within 30 days. *See Hulsey v. Texas,* 929 F.2d 168, 171 (5th Cir.1991) ( "Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). Any matter admitted under Rule 36 is deemed conclusively established unless the court permits withdrawal of the admission. Fed.R.Civ.P. 36(b). Further, if the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party. *Murrell v. Casterline,* 307 Fed.App'x. 778, 780, 2008 WL 822237, 2 (5th Cir. 2008); *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548-49 (5th Cir.1985).

Dynamic hired the plaintiff, Alton Ferguson ("Ferguson") on October 3, 2008, to work at its Lake Charles facility.[3] Upon being hired, Dynamic presented Ferguson with documents setting forth the benefits available to its employees and the corresponding enrollment forms.[4] Dynamic provides a welfare benefit plan to its employees that provides group short term disability, long term disability, basic term life, and basic accidental death and dismemberment.[5] Dynamic also provides group medical and dental insurance coverage.[6]

Under the short term and long term disability plans, only "full-time active employees" are eligible for coverage.[7] To be considered a full-time employee under the short term and long disability plan, the employee must work at least thirty hours per week.[8] Coverage under the plan terminates when, among other things, an employer terminates the employee's employment.[9]

The plaintiff selected coverage for long-term disability, short-term disability, and life/accidental death and dismemberment.[10] Ferguson declined medical coverage and elected dental coverage.[11] He executed the enrollment form acknowledging that he had been given an opportunity

---

[3] See Exhibit E: Sworn Declaration of Doug Blair.

[4] *Id.*

[5] *Id.*, Exhibit 1.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*, Exhibit 2.

[11] *Id.*, Exhibit 3.

to participate in Dynamic's group medical plan, but that he wished to decline all coverage.[12] The plaintiff executed a second health care enrollment form declining coverage for the stated reason that he had other insurance.[13] Dynamic, however, does not provide dental insurance separate from medical insurance.[14] To enroll in Dynamic's dental plan, an employee must enroll in the medical plan.[15]

Dynamic deducted premiums for life, short-term disability, and long-term disability insurance coverage.[16] Although Ferguson declined medical coverage, Dynamic deducted a minimal amount for medical insurance from the plaintiff's wages through an inadvertent payroll error.[17] Dynamic issued a refund to Ferguson that represented in whole or in part the premiums inadvertently deducted for medical insurance, however, he refused to accept the refund.[18]

Dynamic terminated Ferguson's employment on January 18, 2009.[19] Following his termination, he developed a medical condition, which he alleges has caused him to be disabled.[20] The plaintiff, however, has never applied for short-term or long-term disability benefits with either

---

[12] *Id.*

[13] *Id.,* Exhibit 4.

[14] See Exhibit E, the Sworn Declaration of Doug Blair.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* Additionally, Dynamic tendered a second, unconditional refund check to Ferguson, through his counsel of record, on January 5, 2011.

[19] *Id.*

[20] Plaintiff's Complaint ¶4.

3

Dynamic or the disability insurer.[21]

## Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law.[22] When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[23] A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden.[24]

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is

---

[21] See Exhibit E. Sworn Declaration of Doug Blair.

[22] Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986).

[23] FN1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992). See also *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

[24] See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

a genuine issue for trial.[25] The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment.[26] However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings.[27]

## Jurisdiction

Ferguson's claim to recover long term disability payments "relates to an employee benefit Plan" thus falling within the scope of ERISA's preemption provision. "It is clear that ERISA preempts a state law cause of action brought by an ERISA Plan participant or beneficiary alleging improper processing of a claim for Plan benefits."[28] As an employee Ferguson comes under the rubric of ERISA as a participant, 29 U.S.C. §§ 1002(7). He is able to assert his claim pursuant to ERISA's civil enforcement provision, 29 U.S.C. §§ 1132(a)(1)(B). The Supreme Court has held that any suit falling within this provision, even if it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress.[29] Ferguson claims a violation of ERISA when he alleges a denial of benefits. A federal question exists on his claim and jurisdiction properly lies with this court.[30]

---

[25] Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

[26] *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

[27] Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

[28] *Memorial Hosp. Sys. v. Northbrook Life Ind. Co.*, 904 F.2d 236, 245 (5th Cir. 1990) (*citing Pilot Life Ins. Co.*, 481 U.S. at 48, 107 S.Ct. at 1553).

[29] *Metropolitan Life Ins. Co. V. Taylor*, 481 U.S. 58, 62 (1987).

[30] *Hubbard v. Blue Cross and Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995).

Standard of review

This court reviews *de novo* the issue of whether or not an ERISA plan administrator abused its discretion in denying benefits.[31] Where a benefits plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," as the plan does here,[32] the reviewing court applies an abuse of discretion standard to the plan administrator's decision to deny benefits.[33] This is the functional equivalent of arbitrary and capricious review: "[t]here is only a semantic, not a substantive, difference between the arbitrary and capricious and the abuse of discretion standards in the ERISA benefits review context."[34] A decision is arbitrary if it is "made without a rational connection between the known facts and the decision."[35] This court owes no deference to an "administrator's unsupported suspicions."[36]

Process for Reviewing Administrator's Denial of Benefits

In the Fifth Circuit, a two-part test is utilized when reviewing a Plan administrator's denial of benefits: First, a court must determine the legally correct interpretation of the Plan. If the administrator did not give the Plan the legally correct interpretation, the court must then determine whether the administrator's decision was an abuse of discretion. In answering the first question, i.e.,

---

[31] *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir.1999); *Crowell v. Shell Oil Co.*, 541 F.3d 295, 312 (5th Cir.2008).

[32] Rec. Doc. 93-1. p. 93.

[33] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 287, 295 (5th Cir.1999) (en banc), *abrogated in part by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

[34] *Meditrust Fin. Servs.*, 168 F.3d at 214 (quotation omitted).

[35] *Id.* at 215 (quotation omitted).

[36] *Vega*, 188 F.3d at 302; Anderson v. Cytec Industries, Inc. 619 F.3d 505, 511-512 (5th Cir. 2010).

whether the administrator's interpretation of the Plan was legally correct, a court must consider: (1) whether the administrator has given the Plan a uniform construction, (2) whether the interpretation is consistent with a fair reading of the Plan, and (3) any unanticipated costs resulting from different interpretations of the Plan.[37]

If a court concludes that the administrator's interpretation is legally incorrect, the court must then determine whether the administrator abused his discretion. Three factors are important in this analysis: (1) the internal consistency of the Plan under the administrator's interpretation, (2) any relevant regulations formulated by the appropriate administrative agencies, and (3) the factual background of the determination and any inferences of lack of good faith.[38] "Only if the court determines that the administrator did not give the Plan the legally incorrect interpretation, must the court then determine whether the administrator's decision was an abuse of discretion."[39]

An ERISA claim administrator's determination is not an abuse of discretion when it is supported by substantial evidence. *Meditrust Fin. Sers. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999). When reviewing an administrator's determinations, the court is limited to the evidence in the administrative record at the time the determination was made. *Gooden v. Provident Life & Accident Ins.*, 250 F.3d 329, 333 (5th Cir. 2001).

Analysis

As a claimant under § 1132(a)(1)(B), Ferguson bears "the initial burden of demonstrating ... that [the] denial of benefits under an ERISA plan [was] arbitrary and capricious." *Perdue v. Burger King Corp.*, 7 F.3d 1251, 1254 n. 9 (5th Cir.1993). We conclude that he failed to do so.

---

[37] *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 637-638 (citations omitted); *Gosselink v. American Tel. & Tel., Inc.*, 272 F.3d 722, 726 (C.A.5 (Tex.),2001).

[38] *Id.*

[39] *Gosselink v. American Tel. & Tel., Inc.*, 272 F.3d 722, 726 (C.A.5 (Tex.),2001).

Ferguson is claiming that he is entitled to health benefits and disability benefits under the two group plans sponsored by Dynamic. Alternatively, he is asserting claims against Dynamic for alleged actions purportedly arising out of Dynamic's role as the sponsor and administrator of these plans.

The plaintiff has introduced no competent summary judgment evidence that he was covered under this medical policy. The mere fact that some premiums had been deducted from his pay in error does not establish coverage.[40] The plaintiff must show that he took an affirmative act indicating that he desired coverage.[41] To the contrary, the evidence establishes that the only affirmative action taken by the plaintiff was one to reject medical coverage.

Similarly, Ferguson's claim for disability benefits fails because he has introduced no competent summary judgment evidence that he exhausted administrative remedies and that he was eligible for coverage. The disability plan offered by Dynamic requires a claimant to follow the claim process to make a claim for benefits. This includes an appeals process if a claim for benefits is denied. Specifically, a claimant must provide written notice of a claim within 30 days after disability occurs and must provide proof of loss. If a claim is wholly or partially denied, the claimant must submit a timely written application of appeal to the Plan. Upon review of the appeal, the Plan will notify the claimant in writing of its final decision on the claim. There is no evidence that the plaintiff ever filed a claim. To the contrary, the evidence presented by Dynamic establishes that Ferguson filed no claim and therefore did not attempt to exhaust administrative remedies.

---

[40] *Hughes v. Goodwin*, 860 F.Supp. 272 (D.C. Md. 1994)(The court found the employee's waiver of coverage to be clear and unambiguous and that if the employee intended to obtain coverage she did not take the necessary steps as set forth in the plan documents to procure coverage. *Id.* The court characterized the defendant's actions of withholding the premiums as "erroneous actions that seem more appropriately described as simple mistakes, rather than 'affirmative misconduct,'" and, therefore, the representative's estoppel claim failed. *Id.* at 278.

[41] See *McDade v. Hampton*, 469 F.2d 142, 144 (D.C. Cir. 1972) (finding no coverage where the beneficiary of the life insurance policy failed to show an affirmative act on the part of the decedent suggesting that she desired insurance coverage).

Additionally, to succeed on his claim for disability benefits Plaintiff must prove that he is eligible for coverage.[42] Plaintiff has not introduced any evidence to establish that he is eligible for coverage, therefore, his claim for benefits fails.

There is no genuine issue of material fact that the plan administrator correctly interpreted the plan to deny coverage. Accordingly, this unopposed motion for summary judgment by Dynamic will be granted and the plaintiff's claims will be dismissed with prejudice.

Lake Charles, Louisiana, this 23 day of March, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[42] See *McBride v. CNA Ins. Co.*, 463 F.Supp.2d 613 (S.D. Miss. 2006), (finding that a former employee, who was not an active, full-time employee as required by the plan, was not entitled to disability benefits).